UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CLARENCE LAMBERT,

**No. 6:14-CR-06181 (MAT)**
**No. 6:16-CV-06741 (MAT)**

Movant,

-vs-

**DECISION AND ORDER**

UNITED STATES OF AMERICA,

Respondent.

## I.   Introduction

Proceeding *pro se*, movant Clarence Lambert ("Lambert"), a federal prisoner, moves this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255. On September 9, 2015, Lambert pled guilty to the following two counts of a superceding indictment: (1) Hobbs Act conspiracy in violation of 18 U.S.C. § 1951(a); and (2) brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). See docs. 65, 66. On January 15, 2016, Lambert was sentenced to an aggregate 300-month term of imprisonment with five years of post-release supervision.

## II.  Discussion

Lambert brings the instant § 2255 motion pursuant to the authority of <u>Johnson v. United States</u>, __ U.S. __, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally void for vagueness. Lambert argues that his

conviction of Hobbs Act Conspiracy is no longer a crime of violence in the wake of Johnson.

At the time of Lambert's sentencing, the ACCA defined a "crime of violence" as an offense punishable by more than a year imprisonment which "(A) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) that by its nature, *involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense*." 18 U.S.C. § 924(c)(3). The emphasized clause is the residual clause, which was rendered unconstitutional by Johnson. See 135 S. Ct. at 2563. Therefore, if Lambert was sentenced under the residual clause, his sentence would be rendered unconstitutional by Johnson. If he was sentenced under subsection (A) (the "force clause" or "elements clause"), Johnson would not invalidate his sentence.

As respondent points out, this Court (Wolford, J.) held, in a case involving Lambert's codefendants, that the crime of Hobbs Act Violence falls under the "force clause" of the ACCA and therefore the crime remains a "crime of violence" and is unaffected by Johnson. See United States v. McCoy, No. 6:14-CR-06181 (EAW), doc. 197, at 5-13 (W.D.N.Y. Jan. 25, 2017); see also Traxler v. United States, 2016 WL 4536329, *2 (W.D. Mich. Aug. 31, 2016) ("Johnson does not afford relief to prisoners who received an enhanced sentence as armed career criminals based on either the force clause or the enumerated-offenses clause[.]") (citing

<u>Johnson</u>, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

For the same reasons as laid out in Judge Wolford's recent opinion, the Court finds that Hobbs Act Conspiracy is a crime of violence predicated on the force clause of the ACCA, and therefore <u>Johnson</u> is inapplicable to Lambert's case. Accordingly, because Lambert's sentence does not implicate the residual clause of the ACCA, his motion to vacate his sentence pursuant to <u>Johnson</u> is denied with prejudice.

## III. Conclusion

For the foregoing reasons, Lambert's motion to vacate and correct his sentence pursuant to 28 U.S.C. § 2255 is denied with prejudice. The Clerk of the Court is directed to close Case No. 6:16-CV-06741.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

_____
      HON. MICHAEL A. TELESCA
      United States District Judge

Dated:      February 10, 2017
            Rochester, New York.