UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,                      **DECISION AND ORDER**

         v.                                              6:14-CR-06181 EAW

CLARENCE LAMBERT,

            Defendant.

_____

      Defendant Clarence Lambert (hereinafter "Defendant") has filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Dkt. 594). For the reasons set forth below, the motion is denied.

## I.    <u>BACKGROUND</u>

      Pursuant to the terms and conditions of a plea agreement, on September 9, 2015, Defendant pleaded guilty to counts 1 and 6 of a superseding indictment charging a violation of 18 U.S.C. § 1951(a) (Hobbs Act conspiracy – count 1) and 18 U.S.C. § 924(c)(1)(A)(ii) (brandishing a firearm during and in relation to a crime of violence – count 6). (Dkt. 65; Dkt. 66). The plea agreement was entered into pursuant to Fed. R. Crim. P. 11(c)(1)(C) and called for an aggregate prison sentence of 300 months (25 years). (Dkt. 65 at ¶ 16). On January 15, 2016, the undersigned accepted the plea agreement and sentenced Defendant to the agreed-upon 25-year prison sentence, with an aggregate supervised release term of five years to follow. (Dkt. 101; Dkt. 103).

      Defendant's convictions related to a series of violent home invasions by Defendant and others in 2014. Two of Defendant's co-conspirators—Matthew Nix and Earl

McCoy—were tried before a jury during February and March 2017, convicted on numerous offenses (Dkt. 266; Dkt. 267), and ultimately sentenced to significant prison sentences of 105 years (Matthew Nix) and 87 years (Earl McCoy) (Dkt. 583; Dkt. 585). The undersigned presided over the approximate five-week jury trial.

Defendant is currently housed within the Bureau of Prisons ("BOP") at United States Penitentiary Tucson with a scheduled release date of January 19, 2037. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 1, 2024).

Defendant seeks a sentence reduction based upon the amendments to the criminal history guidelines. (Dkt. 594). At the time of his original sentencing, the Sentencing Guidelines calculated a recommended aggregate prison sentence of 294 to 324 months which included an agreed-upon 3-level upward departure pursuant to U.S.S.G. § 5K2.21. (Dkt. 130 at ¶¶ 75-79). According to the Abbreviated Supplemental Presentence Report prepared in connection with the pending motion, the upward departure is not accounted for in any new calculation and therefore the aggregate Sentencing Guideline range with the criminal history amendments is 219 to 252 months. (Dkt. 600 at ¶ 5).

The government concedes that Defendant is eligible for a potential sentence reduction and that the new sentencing range is properly calculated as 219 to 252 months. (Dkt. 601 at 4). However, the government argues that the Court should not grant Defendant's motion based on the relevant factors under 18 U.S.C. § 3553(a). (*Id*. at 4-6). The government summarizes Defendant's conduct as follows:

> [Defendant] and his accomplices brazenly broke into homes, held people at gunpoint, pistol-whipped them and caus[ed] them serious and permanent physical and emotional harm.  [Defendant] himself meted out the most violence, especially against the victims of the home invasion at 49 Polo Place in the Town of Greece, breaking bones, causing facial lacerations, and knocking out teeth.  [Defendant] even utilized violence against the accomplice that he controlled, Jessica Moscicki, during the course of their relationship.

(*Id*. at 5).  The government goes on to summarize Defendant's criminal history at the time of the underlying offenses:

> Although Defendant was only 22 years old at the time of the instant violent home invasion robberies, [he] already had a criminal history committing violent robberies with others. . . .  In addition, he has had 16 disciplinary incident[s] and sanctions while incarcerated (the most recent occurring on December 21, 2023).

(*Id*.).[1]

Defendant filed a reply clarifying that he is only seeking a "proportional" reduction in his sentence so that even though the 3-level upward departure is not included in the new calculations, the Court could take that into account in fashioning any new sentence.  (Dkt. 612 at 2).[2]  Defendant argues that the BOP has already addressed any disciplinary infractions while incarcerated and cites to Defendant's positive programming with the BOP.  (*Id*. at 3).

---

[1]    Defendant's disciplinary history while incarcerated includes various acts of violence.  (Dkt. 600 at ¶ 8).  In addition, although not cited by the parties, the Court notes that Defendant also had disciplinary infractions while incarcerated during the pretrial proceedings in this matter.  (Dkt. 130 at ¶¶ 24-25).

[2]    As Defendant notes, if that 3-level upward departure was applied to the new sentencing range, it would result in a recommended sentence of 272 to 319 months (Dkt. 612 at 2), as compared to the 294 to 324 calculated at the time of the initial sentencing.

## II.   <u>LEGAL STANDARD AND ANALYSIS</u>

Pursuant to 18 U.S.C. § 3582(c)(2):

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Pursuant to U.S.S.G. § 1B1.10, a court "may" reduce a defendant's prison sentence where the Sentencing Guideline range is reduced pursuant to Part A of Amendment 821, as in Defendant's case.  Application Note 1(B) provides that a court "*shall* consider the factors set forth in 18 U.S.C. § 3553(a) in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction. . . ."  (emphasis added).  It also provides that a court "*shall* consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I) whether such a reduction is warranted; and (II) the extent of such reduction. . . ."  (emphasis added).  And it provides that a court "*may* consider post-sentencing conduct of the defendant that occurred after imposition of the term of imprisonment in determining: (I) whether a reduction in the defendant's term of imprisonment is warranted; and (II) the extent of such reduction. . . ."  (emphasis added).

Here, the Court has considered all the relevant § 3553(a) factors, including the nature and circumstances of the offense and the history and characteristics of Defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote

respect for the law, and to provide just punishment for the offense; the need to afford adequate deterrence to criminal conduct, to protect the public from further crimes of Defendant, and to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences available; the newly calculated Sentencing Guideline range; the policy statement set forth at U.S.S.G. § 1B1.10 and the relevant Application Note; and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. Based on its consideration of the relevant § 3553(a) factors, as well as the nature and seriousness of the danger to any person or the community posed by a reduction in Defendant's term of imprisonment, there is no question that Defendant's motion must be denied.

After presiding over the approximate five week jury trial involving Defendant's co-conspirators and hearing firsthand about Defendant's violence and depravity, the undersigned has serious reservations that the 25-year prison sentence imposed in this case was not sufficient. The evidence presented at trial demonstrated that Defendant was one of the most violent members of this conspiracy, with an absolutely callous disregard for the harm that he inflicted on innocent victims. The testimony from the various witnesses at trial demonstrated that Defendant is a highly dangerous individual. It is disturbing to contemplate that Defendant may be released from custody in less than 13 years. As demonstrated by his disciplinary incidents while incarcerated, including as recently as just a few months ago, Defendant has plainly not been rehabilitated and he continues to present

a danger to others and the community.  Under no reasonable view of the circumstances is a sentence reduction appropriate, and accordingly the pending motion is denied.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, Defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. 594) is denied.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   May 1, 2024
         Rochester, New York